IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| Perry Fuller,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Owens Corning Fiberglass,<br><br>　　　　Defendant. | Civil Action No.<br><br>Removed from: General Session Court of Madison County, Tennessee |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Owens Corning Fiberglass ("Defendant")[1] hereby files this notice of removal of the above-captioned matter from the General Session Court of Madison County, Tennessee to the United States District Court for the Western District of Tennessee. Defendant respectfully states the following in support of this notice of removal:

1. On or about February 29, 2012, plaintiff Perry Fuller, a former employee of Owens Corning Fiberglass in Jackson, Tennessee, initiated an action against Defendant in the General Session Court of Madison County, Tennessee, civil action number 12CV-821 (the "State Court Action").

2. Fuller served Defendant a copy of the Civil Summons in the State Court Action on March 1, 2012. A true and correct copy of the Civil Summons is attached as Exhibit 1.

3. In the State Court Action, Fuller seeks "retirement pay and servant [sic] pay," as well as the "cost of court." Exhibit 1. Defendant believes Fuller's reference to "servant pay" is

---

[1] Owens Corning Fiberglass is not a proper defendant in this action and anticipates moving to dismiss the complaint on that ground as well as others.

intended to refer to severance pay.

4. The retirement benefits and severance benefits sought in the State Court Action are provided by the Owens Corning Hourly Employees' Retirement Plan (the "Plan"). A copy of the Summary Plan Description is attached as Exhibit 2.[2] The Plan is an "employee pension benefit plan" and/or "welfare plan" as defined in the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(2).

5. Federal Question Jurisdiction. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331. This action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, ("ERISA") and therefore may be removed pursuant to the provisions of 28 U.S.C. §1441 without regard to the citizenship or residence of the parties or the amount in controversy.

6. Complete Preemption of Fuller's Claims. Section 502(a) of ERISA expressly provides for a cause of action for denial of benefits and is the exclusive remedy for denial of rights and benefits under employee pension benefit plans and welfare plans governed by ERISA. 29 U.S.C. §1332(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). ERISA Section 502(a)'s civil enforcement mechanism has "extraordinary" preemptive power. If an individual brings suit complaining of a denial of benefits, when the individual is entitled to those benefits only because of the terms of an ERISA-regulate plan, then the suit falls within the scope of Section 502(a) and the claims are completely preempted by ERISA and removable to federal court as a matter of law. *Davila*, 542 U.S. at 210; *Taylor*, 481 U.S. at 62-63. Importantly, the express preemption provisions of ERISA, 29 U.S.C. §1144, are deliberately

---

[2] The severance benefits available under the Plan are described as "Termination of Service Benefits." Exhibit 2 at 19.

expansive and are designed to establish pension and welfare benefit plan regulation as an exclusive federal concern. *Dedeaux*, 481 U.S. at 45-46. The complete preemption doctrine of ERISA is a well-established exception to the well pleaded complaint rule. A complaint, though on its face setting forth a claim under state law or not specifically mentioning 29 U.S.C. §1332(a) is, for purposes of removal, treated as a federal claim because federal law displaces any right of action under state law. *Taylor*, 481 U.S. at 63-67. In the words of the Supreme Court, "this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It therefore, 'arises under the ... laws ... of the United States,' and is removable to federal court by defendant." *Id.* at 67. *See also Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 945 (6th Cir. 1994) ("a defense premised on §1332 preemption creates federal question jurisdiction".)

7. This notice of removal is being filed within 30 days after Defendant first received a copy of the Civil Summons in the State Court Action. Removal, therefore, is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

8. Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders that have been served upon Defendant in this matter are included with this Notice of Removal as Exhibit 1.

9. Pursuant to 28 U.S.C. §1446(d), Notice of Filing this Notice of Removal, with a true and complete copy of this Notice of Removal, will be filed with the clerk of the General Session Court of Madison County, Tennessee.

10. The required filing fee and a completed civil cover sheet accompany this Notice of Removal.

WHEREFORE, Defendant respectfully requests that the clerk note that this action has been removed from the General Session Court of Madison County, Tennessee to the United

States District Court for the Western District of Tennessee, and that all proceedings hereafter shall take place in the United States District Court for the Western District of Tennessee.

Respectfully submitted,

s/ Steven W. Likens
Steven W. Likens (13311)
LITTLER MENDELSON, P.C.
3725 Champion Hills Drive
Memphis, Tennessee 38125
Telephone: (901) 795-6695
Direct fax: (901) 531-8365
slikens@littler.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served this 2nd day of April, 2012, by certified mail, return receipt requested, and by regular first-class U.S. mail, postage pre-paid, upon the following:

Perry Fuller
Route 1, Box 66 Lowenstein Ave.
Mercer, Tennessee 38391
Phone: (731) 780-3898

             s/ Steven W. Likens