IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PERRY FULLER,

    Plaintiff,

v.                                          No. 1:12-cv-01087-JDB-egb

OWENS CORNING FIBERGLAS,

    Defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant, Owens Corning Fiberglas'[1] ("Owens Corning"), motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, seeking a complete dismissal of Plaintiff, Perry Fuller's, claims. (Docket Entry ("D.E.") 10.) For the reasons stated below, Defendant's motion is GRANTED.

I. FACTUAL BACKGROUND

Fuller began working at Owens Corning on July 31, 1972 and continued until February 27, 1987 when the plant where he was employed closed (D.E. 10-3, Ex. 1.) He was 33 years old when his position was eliminated. (Id., Ex. 1-2.) Defendant provided benefits through the Owens-Corning Employees' Retirement Plan ("Plan") and employees were automatically enrolled at no cost after they had completed one full year of service. (Statement of Undisputed Facts, ¶¶ 2-3.) While the normal retirement age under the Plan was 65, employees who had 10 or more years of service and left employment before age 55 could elect to have their accrued benefits paid to them in a lump sum severance payment or defer that amount and receive it as a

---

[1] While the civil docket for this case officially lists the Defendant as "Owens Corning Fiberglass Corporation," Defendant styles itself "Owens Corning Fiberglas" in all of its filings. The Court therefore addresses the Defendant by this name.

lifetime annuity that would begin at any age between 55 and 65. (Id., ¶¶ 5-8.) Plaintiff filed an application for severance benefits accepting them in the form of a lump sum payment and waived his rights to retirement payments. (D.E. 10-3, Ex. 1.) On June 9, 1987 Owens Corning approved his application and issued him a severance check for $7,469.62 on June 9, 1987. (Statement of Undisputed Facts, ¶ 16.)

II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). If the motion is supported by documentary evidence, such as affidavits or depositions, the nonmoving party may not rely on his pleadings but rather must provide the Court with facts establishing that there is "a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. "A genuine issue of material fact exists if a reasonable juror could return a verdict for the nonmoving party." Pucci v. Nineteenth Dist. Court, 628 F.3d 752, 759 (6th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). When the plaintiff fails to establish an element essential to his case, this Court may appropriately enter summary judgment against him. Poss v. Morris (In re Morris), 260 F.3d 654, 665 (6th Cir. 2001) (quoting Celotex, 477 U.S. at 322, 106 S. Ct. at 2552). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d

2

176 (1962)).

## III. ANALYSIS

Fuller makes two contentions in his *pro se* complaint which he initiated on February 29, 2012. (D.E. 1.) First, he claims that the monies he was paid in 1987 were not the full amount owed to him. Second, he argues that Defendant failed to pay pension benefits due him under the terms of the Plan. Both of these claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Specifically, Fuller's claims fall under the ambit of 29 U.S.C. § 1132(a)(1)(B) which allows a participant in an employee benefit plan to enforce his rights by filing a civil action in federal court.

While Plaintiff concedes that he received a severance check upon his departure from Owens Corning, he insists that it was not all that he was due under the Plan. (D.E. 11, ¶¶ 3-4) ("I Perry Fuller, only got [one] check. They, the company owe [sic] me another checks [sic]. I also want them to show proof that they pay [sic] me enough money in my first check."). Defendant relies upon the expiration of the statute of limitations with respect to this claim and accordingly, requests that it be dismissed. "ERISA provides no statute of limitations for section 1132(a)(1)(B) actions." Meade v. Pension Appeals and Review Committee, 966 F.2d 190, 194 (1992). "As a consequence, courts have held that the appropriate limitations period is that of the state in which the claim was brought." Massengill v. Shenandoah Life Ins. Co., 459 F. Supp. 2d 656, 659-60 (W.D. Tenn. 2006). "When an ERISA claim is governed by a state statute of limitations, the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits." Wilkins v. Hartford Life and Acc. Ins. Co., 299 F.3d 945, 948-49 (8th Cir. 2002). Additionally, claims brought under section 1132(a)(1)(B) are considered "creatures of contract law" and are thus subject to Tennessee's six year statute of limitations for

breach of contract. Haynes v. O'Connell, 599 F. Supp. 59, 62 (E.D. Tenn. 1984); see also Tenn. Code Ann. § 28-3-109. Here, while there was no denial of severance benefits, the running of the statute of limitations for Plaintiff's present action began when Owens Corning approved his severance claim and issued him a severance check. Fuller then had six years from June 9, 1987, the date of the payment by Defendant, to file a claim for additional benefits. Because he did not timely commence his lawsuit within the applicable statute of limitations period, Plaintiff's claim has expired. Accordingly, Fuller's demand for additional severance benefits is denied.

Plaintiff also maintains that he is entitled to retirement benefits in addition to the severance payment he received in 1987. He argues that there was a contract between Owens Corning, the union, and "the Employee" to "give each employee a servant (sic) check an (sic) a retirement check." (D.E. 11, ¶¶ 2, 5.) Defendant responds that it paid all benefits owed to him under the Plan, or in the alternative, that Fuller failed to exhaust his administrative remedies as to his claim for retirement benefits. The Court agrees with the employer's latter argument. "[T]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." Hannah v. American Republic Ins. Co., 416 F. Supp. 2d 605, 611 (W.D. Tenn. 2006) (quoting Weiner v. Klais and Co., Inc., 108 F.3d 86, 90 (6th Cir. 1997). Plaintiff's application for severance benefits clearly states that a pension annuity will "not be payable unless and until [employee] file[s] an 'Application for Retirement Benefit.'" (D.E. 10-3, pg. 3.) He did not file any application or claim for retirement benefits with Owens Corning and has therefore failed to exhaust his administrative remedies. Accordingly, dismissal of his claim for retirement benefits is proper. Because the Court finds that Plaintiff failed to exhaust his administrative remedies it need not rule on the merits of Defendant's argument that Plaintiff has already been paid all benefits owed to him.

In its reply to Fuller's response, Owens Corning also addresses the employee's claim that it violated a collective bargaining agreement by denying him retirement benefits. As previously noted, Fuller alleged in his response to Defendant's present motion that there was a contract between him, the union, and the employer which "states to give each employee a servant (sic) check an (sic) a retirement check." (D.E. 11, ¶ 2.) All claims for alleged violations of collective bargaining agreements are governed by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. <u>Allis –Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985) ("[Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.") The Court further explained that a § 301 claim is a hybrid claim where the employee "must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." <u>DelCostello v. International Bhd. Of Teamsters</u>, 462 U.S. 151, 165, 103 S. Ct. 2281, 2291, 76 L. Ed. 2d 476 (1983). Here, Fuller has not alleged that the union failed to process his claim for unpaid retirement benefits or breached any duty to him. Accordingly, Plaintiff's claim for breach of contract fails to satisfy the elements required of § 301 and is therefore DISMISSED.

Based on the foregoing, Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED this 26th day of March, 2013.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE

5